HENRY WHIPPLE, Receiver, *vs.* HORACE H. BABCOCK *et als.*

Under Pub. Stat. R. I. cap. 237, § 13, the right of a receiver appointed on the petition of creditors to take possession of the debtor's property "attached or levied on within sixty days prior to the filing of said petition," is determined by the date of the filing of the petition, not the service of process on it.

In case of unnecessary delay in serving process, the court may on motion of any person injured thereby, and on due notice, require service to be made within a specified time, or in default thereof dismiss the petition.

If creditors who had attached the debtor's property within sixty days prior to the filing of a petition for the appointment of a receiver under Pub. Stat. R. I. cap. 237, § 13, obtain judgment against the debtor and levy executions on the attached property, they will be enjoined, at the suit of the receiver, from proceeding under their levies.

BILL IN EQUITY for an injunction.

The real estate of a debtor was attached by two of his creditors April 23, 1891. Within sixty days thereafter, June 11, 1891, a petition was filed for a receiver of the debtor's property under Pub. Stat. R. I. cap. 237, § 13. The complainant was appointed receiver July 11, 1892. The attach-

ing creditors having obtained judgment in their attachment suits, took out executions which were levied on the attached property September 16, 1892, and the property advertised for sale.

The receiver filed this bill against the attaching creditors and the officer making the levies, to enjoin them from further prosecuting the levies, and from selling the property.

*Providence, June 5,* 1894. PER CURIAM. The court is of the opinion that the injunction should be granted. Pub. Stat. R. I. cap. 237, § 13, authorizes the receiver appointed under its provisions to take "possession of all property . . . . of the debtor, including estate and property attached or levied on, within sixty days prior to the filing of said petition," &c. It is the date of the filing of the petition, not the service of process on it, which determines the right of the receiver.

The proceeding is under the control of the court. If a petitioner unnecessarily delays to make service of process, the court on due notice to parties interested, and on motion by any person injured by the delay, may require that service should be made within a specified time, and in default of compliance with such requirement, may order the petition to be dismissed.

*James M. Ripley & John D. Thurston,* for complainant.
*James Tillinghast,* for respondents.